[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 22, 1991, plaintiff Joseph Manfredi, Jr. filed this negligence action in two counts against defendants Richard Chapman and Gunnar Chapman. Plaintiff alleges that on July 27, 1989 he was injured by a bull that was roaming on the premises of the Dunkin Donuts at 851 South Main Street, Cheshire, Connecticut. Plaintiff alleges that defendant Richard Chapman owned the bull which was kept at 640 South Main Street. Plaintiff further alleges that defendant Gunnar Chapman was an agent, servant, and employee of defendant Richard Chapman. Plaintiff claims that the defendants' negligence in, among other things, permitting the bull to roam, caused plaintiff's injuries.
On June 7, 1991, defendants filed an answer, denying the allegations of ownership and negligence, and a special defense claiming that: (1) plaintiff provoked the bull, and (2) plaintiff failed to avoid the bull although he could have. On July 2, 1991, plaintiff filed a reply denying the special defenses.
On May 21, 1992, the defendants filed a motion for summary judgment, a memorandum of law, copies of deposition testimony, and unsigned photocopies of the affidavits of the defendants and of Sandra Chapman Beyerle. On October 13, 1992, defendant filed the original, signed affidavits. On October 13, 1992, plaintiff filed a memorandum in opposition to defendants' motion for summary judgment, and photocopies of the following: (1) the police complaint of roaming cattle, (2) brucellosis and tuberculosis test results, (3) pictures of the roaming bull, and (4) deposition testimony. CT Page 10962
The motion for summary judgment is "designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829, (1989). Summary judgment may be granted only where "the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut National Bank v. Great Neck Development Co.,215 Conn. 143, 148 574 A.2d 1298 (1990).
The movant shall support the motion for summary judgment by such documents as may be appropriate, including, but not limited to, affidavits, certified transcripts of testimony under oath, disclosure, written admissions and the like. Practice Book 380, Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172 (1987). The adverse party must file documentation showing that a genuine issue of material fact exists. Hammer v. Lumberman's Mutual Casualty, 214 Conn. 573, 578-79, 573 A.2d 699
(1990). The failure of the nonmovant to file documentation in opposition is not fatal if the movant fails to sustain his burden. Id.
The burden is on the movant to show the nonexistence of any genuine issue of material fact. Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (199). The court must view the facts presented in the light most favorable to the nonmoving party. Id. The motion should be denied unless the evidence is such that no room for disbelief could exist in the minds of the jury. Boehm v. Kish, 201 Conn. 385, 393 n. 4, 517 A.2d 624 (1986).
In their memorandum of law the defendants argue that as of July 27, 1989 there were no black bulls, cows or steers on the farm at 650 South Main Street in Cheshire (hereinafter "the farm"). Defendant Richard Chapman reaffirms this fact in his affidavit and further states that as of July 27, 1989 there were two or three red and white Herford cows on the farm. Richard Chapman further states that he has personal knowledge of the animals on the farm because even though he does not live on the farm, he owns the farm and the animals. Defendant Gunnar Chapman states in his affidavit that as of July 27, 1989 there were no black bulls, cows or steers on the farm. Gunnar Chapman further states that he has personal knowledge of this fact because he lives on the farm and periodically feeds and cleans the animals. Sandra Chapman Beyerle states in her affidavit that as of July CT Page 10963 27, 1989 there were no black bulls, cows or steers on the farm. Sandra Chapman Beyerle further states that she has personal knowledge of this fact because she lives on the farm and periodically feeds and cleans the animals. She further states that after going to the scene of the injury, she returned to the farm and found all gates and fences intact, and all animals present. Defendants also filed uncertified copies of deposition testimony which, it is submitted, do not comply with Practice Book 380 and therefore may not be considered.
In opposition to the motion, plaintiff argues in his memorandum that the reasonable inference may be drawn that the bull in question came from the Chapman farm. Plaintiff bases this inference on the proximity of the farm to the scene of the injury and the fact that, in addition to Richard Chapman's cattle, Gunnar Chapman had his own cattle on the farm which he exported periodically. Plaintiff also argues that the defendant's affidavits are self serving and that Richard Chapman's absence from the State of Connecticut on July 27, 1989 indicates that he does not have personal knowledge of the cattle then present on the farm. The documentation that plaintiff filed in opposition to the motion is uncertified and therefore not in compliance with Practice Book 380. Therefore the court may not consider the supporting documentation.
The defendants have filed to meet their burden of proof. Absent documentation to support the statements made by the affiants (the defendants and daughter/sister of defendants) the issue becomes one of credibility. "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. (Citations omitted.)" United Oil Co. v. Urban Development Commission, 158 Conn. 364, 376, 260 A.2d 596 (1969). Accordingly, the defendants are not, as a matter of law, entitled to summary judgment.
The motion for summary judgment is denied.
HOWARD F. ZOARSKI, JUDGE CT Page 10964