CONNECTICUT NATIONAL BANK *v.* GREAT NECK DEVELOPMENT COMPANY, INC., ET AL. (13819)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued February 27—decision released May 22, 1990

*James M. Nugent,* for the appellants (defendants).

*Stephen W. Aronson,* for the appellee (plaintiff).

COVELLO, J. This is an appeal from a decision of the trial court granting the plaintiff's motion for summary judgment. The issues presented are: (1) whether a trial court may set aside a judgment of dismissal for failure to prosecute with due diligence when the conditions attached to an order setting aside an earlier judgment of dismissal were not satisfied; (2) whether the plaintiff's motion to set aside a judgment of dismissal was timely filed; and (3) whether there were disputed issues of material fact that precluded the rendering of a summary judgment. We find no error.

On August 11, 1987, the plaintiff, Connecticut National Bank, began this action against the defendants Great Neck Development Company, Inc. (Great Neck), and Joseph Owen, seeking sums due on two promissory notes. On June 17, 1988, the trial court dismissed the action for failure to prosecute with due diligence.[1] On August 31, 1988, within four months of the dismissal,[2] the plaintiff filed a motion to open the judgment of dismissal. On September 16, 1988, the trial court, *Fracasse, J.,* granted the motion "on [the] condition [that the] pleadings are closed and [the] case is claimed to [the] trial list by 11-1-88." The pleadings were not closed until April 26, 1989.

On January 10, 1989, the plaintiff filed a further motion to set aside the judgment of dismissal "entered

---

[1] Practice Book § 251 provides in part: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs."

[2] Practice Book § 326 provides in part: "[A]ny civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date of which it was rendered or passed."

by the court on November 1, 1988 pursuant to its order of September 1[6], 1988." On February 8, 1989, despite the defendants' objection that the earlier conditions remained outstanding, the trial court, *O'Neill, J.*, granted the motion.

On September 14, 1989, the trial court, *Mulcahy, J.*, granted the plaintiff's motion for summary judgment. The defendants appealed to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

The defendants first claim that the trial court erred when it ruled, in granting summary judgment in favor of the plaintiff, that one judge of the Superior Court could set aside a judgment of dismissal without requiring satisfaction of the conditions previously imposed by another judge. We do not agree.

" ' "A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. *State* v. *Bitting,* 162 Conn. 1, 11, 291 A.2d 240 (1971); *E.M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959)." *Celanese Fiber, Division of Celanese of Canada, Ltd.* v. *Pic Yarns, Inc.,* [184 Conn. 461, 466–67, 440 A.2d 159 (1981)].' *Acheson* v. *White,* 195 Conn. 211, 214–15, 487 A.2d 197 (1985)." *Yanow* v. *Teal Industries, Inc.,* 196 Conn. 579, 583, 494 A.2d 573 (1985). " '[T]he ultimate issue is whether the court could reasonably conclude as it did . . . .' *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979) . . . ." *Rokus* v. *Bridgeport,* 191 Conn. 62, 72, 463 A.2d 252 (1983).

As a coordinate judge of the Superior Court, Judge O'Neill had the authority, in the sound exercise of judicial discretion, to modify the conditions imposed by Judge Fracasse. " 'The law is well settled that the decision by one judge is not binding on another judge when later in the same proceeding, he is confronted with a like question. . . . "If the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision." *Levay* v. *Levay,* 137 Conn. 92, 96, [75 A.2d 400 (1950)] . . . .' " *Schwarzschild* v. *Martin,* 191 Conn. 316, 325, 464 A.2d 774 (1983). "The original order [opening the judgment of dismissal] was merely interlocutory, made during the progress of the action and relating to the proceeding. Such orders are constantly modified, amended or annulled. They are not like a final judgment. Such amendment or cancellation may be made at a subsequent term and by another judge than the one who made the original order. There is nothing in the case which shows that the court's discretion was not reasonably exercised." *Purdy* v. *Watts,* 91 Conn. 214, 218, 99 A. 496 (1916).

The defendants claim, in the alternative, that the plaintiff's motion to set aside the judgment of dismissal was not filed within the four month period prescribed by Practice Book § 326.[3] Specifically, they argue that the original judgment of dismissal was rendered on June 17, 1988. Since the plaintiff filed its motion to set aside the judgment on January 10, 1989, more than four months from June 17, 1988, the defendants claim that the plaintiff's motion was therefore untimely.

The defendants' argument assumes that since the conditions were not met, the original judgment of June 17, 1988, was reinstated on November 1, 1988. It is recognized that under some circumstances "[a] party

[3] See also General Statutes § 52-212a.

to whom a favor has been granted by an order on conditions must, at his peril, take notice of the order and comply with the conditions, according to the fair construction of their meaning, and on such performance the order becomes absolute without any new order to that effect. *Noncompliance with such terms or conditions gives a result equivalent to a denial of the favor."* (Emphasis added.) 60 C.J.S., Motions and Orders § 56 (1969 Ed.); see, e.g., *Waring* v. *Johnson,* 161 S.C. 522, 527, 159 S.E. 829 (1931).

There is nothing in the court record here, however, disclosing a reinstatement of the original judgment of dismissal. Neither the order originally setting aside the judgment of dismissal nor any subsequent court order discloses such an occurrence. Even had the original judgment been reinstated, its effective date would have been November 1, 1988, and not the date it was first rendered. "[A]fter a motion for opening a judgment is granted, the case stands as though no judgment was rendered." *State* v. *Phillips,* 166 Conn. 642, 646, 353 A.2d 706 (1974). Thus, the rendering of a second judgment of dismissal for failure to meet the earlier conditions would stand as of the date of its reentry. In this instance, the date would have to be sometime after November 1, 1988. The motion to set aside the dismissal, claimed here to be untimely, was filed on January 10, 1989. Since this was within four months of November 1, 1988, we conclude that the motion was in fact timely filed.

Finally, the defendants claim that the trial court erred in rendering summary judgment in favor of the plaintiff. Specifically, the defendants contend that "[n]umerous factual issues abound in this case concerning the entry of orders throughout this litigation." This argument addresses the alleged procedural irregularities already discussed and does not challenge the plaintiff's underlying claim that there was a balance due on

two promissory notes. Examination of the affidavit and exhibit accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts.

Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." *State* v. *Goggin,* 208 Conn. 606, 616–17, 546 A.2d 250 (1988).

The judgment is affirmed.

In this opinion the other justices concurred.