[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT BY XEROX CORP. AND THOMAS FRANKLIN
This is a personal injury action arising out of a CT Page 3427 two-car accident in which the plaintiff and the defendant Buckland were the operators. Plaintiff seeks recovery against defendant Xerox Corporation, owner of car operate by Buckland, and Franklin, an employee of Xerox authorize to operate the car. Franklin and Buckland were roommates. Xerox and Franklin move for summary judgment, claiming that Buckland had no actual or implied authority to use the car and that there was no genuine of material fact.
A motion for summary judgment is the proper method of resolving litigation "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990). The burden is on the movant to show "`that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.' (Citations omitted)." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
A party's uncontradicted testimony at a deposition can be sufficient to find that no genuine issue of material fact exists. Barnes v. Hartford Hospital, 192 Conn. 732, 739,473 A.2d 1221 (1984).
In the deposition of Buckland, he claimed that he took the car one morning in order to get Franklin's stereo fixed, that at that time Franklin was sleeping, that he did not ask for and no one ever gave him permission to use the car, and that he had no reasonable belief that he had or did not have such permission, and that after the accident Franklin was upset and told him he should not have taken the car. Buckland's license was under suspension on the day he took the car.
Plaintiff argues that there is a question of fact as to whether Buckland received implied consent from Franklin to use the automobile to get the stereo fixed since the stereo repair shop is allegedly three or five miles away from their apartment and Franklin could not have meant that co-defendant Francis Buckland should walk there. We find this is too attenuated an argument on which to base a finding of consent. CT Page 3428
From the deposition testimony of Buckland no reasonable person could infer that Xerox or Franklin had given Buckland express or implied consent to drive the automobile on the day in question. With respect to Xerox, plaintiff cannot establish, as a matter of law, that an agency relationship existed between Buckland and Xerox.
We find that there is no issue of material fact and that as a matter of law the unauthorized use of the automobile cannot subject either Xerox or Franklin to any liability for this accident.
Motion for Summary Judgment granted.
WAGNER, JUDGE