[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT KEARN'S MOTION FOR SUMMARY JUDGMENT
In this three count complaint, the plaintiff, Leonard CT Page 3643 Kendrick, claims damages from the defendants, Daniel's Inc. d/b/a Daniel's Discotheque and Daniel P. Kearns, individually and as permittee, for injuries allegedly received when he was assaulted at a nightclub known as Daniel's Discotheque. According to the allegations of the complaint, the plaintiff was assaulted by employees of the discotheque, which, is allegedly owned by the defendants.
Count one, as it applies to Kearns, alleges that the defendant, in his individual capacity and as permittee, owned, possessed, maintained, or controlled the discotheque, that he employed various agents, servants, or employees to serve the business patrons of the discotheque, and that he entrusted these employees with discretion and with the discharge of the discotheque's business, and that Kearns, through his agents, servants, or employees, "willfully, wantonly and recklessly assaulted and physically attacked the [p]laintiff." The same count alleges that the defendant "by and through [his] agents, servants and/or employees, negligently caused the [p]laintiff to be assaulted . . ." (emphasis added). In the second count, the plaintiff alleges that the defendant "by and through [his] agents . . . carelessly and negligently assaulted the [p]laintiff" and that this assault caused the plaintiff to suffer personal and economic injuries. The third count does not set forth an independent cause of action, but claims that the action is saved by the accidental failure of suit statute, General Statutes 52-592.
Defendant Kearns has moved for summary judgment arguing that he is not responsible for plaintiff's injuries as a matter of law.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). When the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some material, disputed factual issue. Daly v. New Britain Machine Co., 200 Conn. 562568, 512 A.2d 893 (1986); Bartha v. Waterbury House Wrecking Co., Inc., 190 Conn. 8, 459 A.2d 115 (1983). If a party opposing a motion for summary judgment fails to respond with affidavits and other documentary proof showing the existence of CT Page 3644 a genuine issue of material fact, then the court is entitled to rely on the facts stated in the affidavit of the movant, and may grant summary judgment provided the movant has met his or her burden of proof. Bartha v. Waterbury House Wrecking Co., supra, 11-12.
Defendant Kearns argues that he cannot be held liable as an individual or as permittee for the plaintiff's injuries because he did not participate in the alleged assault, he did not own the premises, that he never hired any employees of the discotheque in his individual capacity and that he was not even present on the discotheque premises on the night of the incident.
While the plaintiff has objected to this motion, he has not challenged the facts presented in the defendant's affidavit as being insufficient or untrue, and the plaintiff's affidavit does not present any facts which contradict those set forth by the defendant. Plaintiff primarily argues that summary judgment should not be granted because the defendant as permittee is vicariously liable for the torts committed by employees of the permitted establishment, claiming that the existence of an issue as to whether a permittee is responsible for the conduct of the permit premises precludes summary judgment.
The plaintiff cites sections 30-6-A9 and 30-6-A2 of the Regulations of Connecticut State Agencies as authority for the proposition that a permittee may be held liable to third parties in a civil action. Section 30-6-A9 provides that:
 [i]n disciplinary proceedings, it shall be no defense that an employee or agent of a permittee or backer acted contrary to order, or that a permittee or backer did not participate in the violating action or actions. A permittee and backer shall be held strictly liable for any violation of the statutes, regulations, policies and stipulations of the liquor control commission when such violation concerns their permit premises or their applications regarding their proposed permit premises.
This regulation is introduced by the clause "in disciplinary proceedings," which refers to proceedings before the state liquor control commission, which on its face would seem to limit the applicability of this regulation to disciplinary proceedings before the liquor control commission.
If this regulation, which includes a provision holding permittees "strictly liable" for the conduct of the permit CT Page 3645 premises, were to be applied as a basis of liability in a civil proceeding, then permittees could be held strictly liable in tort for any civil wrong taking place on permit premises. We find no ground for finding that this regulation intended to do so, or a state regulation, could do so.
Our conclusion is equally applicable to section 30-6-A24(i) of the Regulations of Connecticut State Agencies, which states that "[a] permittee will be held strictly accountable for the conduct of his permit premises." This regulation proscribes certain types of activities, such as gambling, nude dancing, and brawls, on premises subject to a liquor permit. It establishes the permittee's absolute duty to ensure that these activities do not take place on the premises, but this duty, like the duties imposed by section 30-6-A9, runs only to the liquor control commission and not to the general public.
It is true that a permit to sell liquor is a privilege, and by engaging in the liquor business, the permittee "assumes of necessity the risk of a great variety of situations which could impose liability upon him." Pierce v. Albanese, 144 Conn. 241,252, 129 A.2d 606 (1957). Among this "great variety of situations," for instance, are actions that arise under the Dram Shop Act, General Statutes 30-102, under which a permittee may be held liable as a "seller" of alcoholic beverages to an intoxicated person, and therefore liable for injuries received suffered by third parties "in consequence of such intoxication," even if the permittee or his or her agents did not sell or serve alcohol to the intoxicated person. See Pierce v. Albanese, supra, 252; Price v. Roy B. McHugh Post 474 VFW,3 Conn. L. Rptr. 226, 227 (February 11, 1991, Purtill, J.). Thus, a permittee, where provided by statute, may be held responsible for some injuries simply by his holding a permit.
While these liquor control regulations might be probative on the issue of a permittee's control over the premises, where control is the primary issue. (See e.g. State v. Heinz,38 Conn. Sup. 570, 577 (1982)), no authority has been drawn to our attention which supports the imposition of civil liability merely by state regulation, as distinguished from a statute.
In this case there appears to be no genuine issue of fact as to whether Kearns, in his individual capacity, either owned or controlled the discotheque, or supervised any of the employees in his individual capacity, all these allegations are denied by Kearns' affidavit and plaintiff does not claim them in his argument or affidavit but rests his claim solely on Kearns' liability as a permittee.
Motion for Summary Judgment by Defendant Kearns granted. CT Page 3646
WAGNER, J.