The plaintiffs, Loretta Dionisio, her husband Antonio Dionisio, and their minor child, seek to recover damages sustained due to defendant Ligor Buzi's alleged negligence in providing the plaintiffs with faulty immigration counselling.
The following facts are taken from the parties' pleadings and Loretta Dionisio's affidavit. Plaintiff Loretta Dionisio is a citizen of the United States. Plaintiff Antonio Dionisio, an illegal alien, was residing with Loretta in the United States. Loretta and Antonio have a minor child, who is also a U.S. citizen. The defendant CT Page 5765 maintains a place of business and represents himself to the public as "Ligor Buzi, J.D., Specializing in Immigration and Naturalization Counselling."
On November 1, 1987, Loretta and Antonio received counselling and advice from the defendant concerning Antonio's status as an illegal alien. Loretta and Antonio were not married to each other at this time, and Antonio was involved in a deportation proceeding commenced by the Immigration Naturalization Services (I.N.S.). The defendant allegedly advised Loretta and Antonio to get married, and then bring him the marriage certificate, and defendant would, for a fee, prepare documents which would result in legalizing Antonio's status and allow him to remain in this country. In her affidavit, Loretta Dionisio states that she informed the defendant that an attorney had advised her not to marry Antonio because he would be subject to a two-year exclusion.
Loretta and Antonio married on November 28, 1987. The defendant prepared and filed their marriage documents with the I.N.S., which, however, continued its deportation proceedings against Antonio. On December 5, 1988, Antonio accompanied by his wife and child, "voluntarily" left the U.S. and went to live in Portugal. It is alleged that Antonio Dionisio "voluntarily" left the U.S. because he was faced with imminent deportation. Then, on April 10, 1989, after finding that life in Portugal was unduly burdensome, Loretta Dionisio and her minor child returned to the U.S., and subsequently commenced this action against the defendant.
The plaintiffs filed a four-count amended complaint on January 23, 1990. In the first count, Loretta Dionisio and her minor child allege that as a result of the defendant's negligence, they lost the consortium of Antonio Dionisio for a minimum period of two years (after this period, Antonio can apply for re-entry). The plaintiffs allege that they have sustained pecuniary damages, including loss or income and travel expenses. The second, third and fourth counts respectively allege breach of contract, fraud, and a violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110b (CUTPA).
The defendant has now filed a motion for summary judgment (#124) as to the first count of the plaintiff's amended complaint claiming loss of consortium by Loretta.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable CT Page 5766 to the party opposing the motion. Mingachos v. CBS, Inc.,196 Conn. 91, 111, 491 A.2d 368 (1985). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298
(1990).
The defendant argues that the plaintiffs' loss of consortium claim should be barred on the grounds that Loretta and Antonio Dioniosio were not married on the date that the defendant's actionable conduct caused the plaintiffs to sustain an injury, referring to the date that the defendant provided immigration "counselling" to the plaintiffs. In response, the plaintiffs argue that while they were not married when the defendant dispensed the immigration "advice," they were married at the time the injury occurred, which they claim occurred when Antonio Dioniosio "voluntarily" returned to Portugal for the minimum two year period.
Contrary to plaintiffs' claim, I believe that a marriage relationship between the plaintiffs must exist on the date that one spouse is injured in order for the other spouse to assert a cause of action for loss of consortium. Gurliacci v. Mayer, 218 Conn. 531, 564,590 A.2d 914 (1991); ("A cause of action for loss of consortium does not exist where the injury occurred prior to the marriage of the parties"), and that the injury occurred when the defendant gave his allegedly false advice to the plaintiffs.
Moreover, recovery for loss of consortium is limited to "bodily injury to the spouse who can no longer perform the spousal functions." Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 312,524 A.2d 641 (1987). To the same effect see Restatement (Second) of Torts, 693, which stresses that the injured spouse must sustain a physical injury in order for the other spouse to assert a cause of action for loss of consortium. Section 693 states that:
 one who by reason of his tortious conduct is liable to the one spouse for illness or other bodily harm is subject to liability to the other spouse for the resulting loss of the society and services of the first spouse . . .
Thus, a spouse cannot maintain an action for loss of consortium where the injured spouse's damages are pecuniary only. See, for example, Browne v. Maxfield, 663 F. Sup. 1193, 1207 (E.D.Pa. 1987) (where plaintiff husband asserted a fraudulent misrepresentation claim, plaintiff wife could not assert a loss of consortium claim based on plaintiff husband's pecuniary injuries).
In the present case, the plaintiffs base their loss of consortium CT Page 5767 claim on the fact that Antonio Dionisio sustained injury because he "will be unable to earn a living in the United States and will be forced to reside and attempt to work in Portugal," and because "all the plaintiffs will incur the addition of expenses of travel to and from Portugal as well as substantial living and school expenses." The plaintiffs' pleadings and affidavits fail to allege that Antonio Dionisio suffered a physical injury which prevents him from performing his spousal duties. Thus, his alleged injuries are pecuniary in nature.
Since the plaintiffs' loss of consortium claim is ". . . derivative and inextricably attached to the claim of the injured spouse," Izzo v. Colonial Penn Ins. Co., supra, 312, there is no question of material fact concerning whether Antonio Dionisio suffered a physical injury as a result of the defendant's negligence.
For the reasons that the plaintiffs were not married at the time the defendant's conduct and their injury, and also because Antonio Dionisio did not suffer any personal injury, the defendant's motion for summary judgment in his favor as to the first count of plaintiffs' complaint claiming loss of consortium is granted.