[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, James Grosner, filed the original complaint on November 26, 1990, seeking to recover for the alleged breach of an employment contract by his former employers, defendant Domino's Pizza, Inc. ("Domino's") and defendant Prism Pizza, Inc. ("Prism"). In his four count substituted complaint filed on April 24, 1991, the plaintiff alleges that in November 1989, CT Page 7241 Domino's hired him as a driver for their store located in Derby. On January 29, 1990, the plaintiff was promoted to a "manager in training" position. At this time, a Domino's representative allegedly told the plaintiff that he was entitled to medical insurance benefits, which would become effective ninety days after the date of the plaintiff's promotion.
Then, on or about March 25, 1990, Prism purchased various stores from Domino's, including the store where the plaintiff was employed. (Prism, a franchisee, operates its stores under the "Domino's Pizza" name). Prism continued to employ the plaintiff as a manager in training. The plaintiff alleges that the owner of Prism stated that the plaintiff would receive medical insurance benefits from Prism's insurer.
On August 7, 1990, while the plaintiff was employed at the Derby franchise, the plaintiff was hospitalized due to a non-work related illness. The plaintiff subsequently discovered that he was without medical insurance coverage.
The plaintiff alleges that the defendants breached their respective employment contracts by failing to provide him with medical benefits. The plaintiff also alleges that both defendants intentionally misled him regarding his medical benefits, and that he relied on their misrepresentations to his detriment.
The first count of the plaintiff's substitute complaint asserts a breach of contract claim against Domino's. The second count incorporates paragraphs 1 through 9 of the first count and, in addition, alleges that Domino's "made such representations as aforesaid knowing the same to be untrue and with the intent to mislead the plaintiff, who relied upon the same to his detriment." (The third and fourth counts apply to Prism and are not relevant to this motion for summary judgment).
Domino's has filed a motion for summary judgment (#136), including affidavits by two of its representatives (Linda Popevich and Steve Stacharowski), and a copy of the plaintiff's deposition.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). Because she burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368 (1985). "To oppose a CT Page 7242 motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298
(1990).
In support of its motion for summary judgment, Domino's argues that it was no longer obligated to supply medical benefits to the plaintiff after March 25, 1990, because the store was sold to Prism on that date and the plaintiff's employment with Domino's was terminated on that date as well. Domino's also argues that the plaintiff's right to medical benefits did not vest because the store was sold to Prism before the 90 day vesting period expired.
In response, the plaintiff argues that material issues of fact exist, as the sale of the franchise to Prism does not conclusively relieve Domino's of its responsibility to provide medical insurance to the plaintiff.
In his affidavit, the plaintiff states that Domino's failed to notify him, either orally or in writing, of his termination, and that Domino's failed to notify the plaintiff that it would not be responsible for his medical benefits after March 25, 1990. The plaintiff also states that Domino's never advised him about the terms of the franchise agreement, insofar as whether Domino's or Prism would be responsible for employee benefits, and the date, if any, that Prism would assume full responsibility for the plaintiff's medical benefits.
In the affidavits submitted by Domino's, Linda Popevich (a Domino's sales representative) states that the Domino's store in Derby was franchised and sold to Prism, and Steve Stacharowski (human resources director for Domino's) states that the plaintiff was terminated on March 25, 1990, and was thereafter ineligible for medical benefit, which were available to Domino's employees.
Based on the parties' affidavits, genuine issues of material fact do exist regarding which defendant would be responsible for the plaintiff's medical benefits pursuant to the terms of the franchise agreement between Domino's and Prism. Another issue concerns the time when, pursuant to the franchise agreement, Domino's responsibility to provide medical benefits for the plaintiff would terminate. The parties' affidavits fail to address these questions, as the terms of the franchise agreement between Domino's and Prism are not revealed. The plaintiff's deposition, which was submitted by both parties in support of their respective positions, merely demonstrates the plaintiff's confusion as to which defendant was providing him CT Page 7243 with medical benefits at the time of his illness. Therefore, genuine issues of material fact exist, and Domino's motion for summary judgment is denied.
So Ordered.
Dated at Bridgeport, Connecticut this 30th day of July, 1992
WILLIAM B. LEWIS, JUDGE