[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Howard Savings Bank (Howard), brings this action to foreclose certain real property owned by the defendant, Red Brook Realty Corporation (Red Brook). The plaintiff's single count complaint alleges that it is the holder of a note and mortgage executed by Preferred Entity Advancements, Inc. (Preferred), and that Preferred has defaulted on the note. The complaint further alleges that said mortgage was duly recorded in the Stratford Land Records, and that the defendant Red Brook is the present record owner of the mortgaged premises.
Red Brook filed a special defense that the plaintiff has failed to join Preferred as a defendant in this action, and that pursuant to General Statutes 49-1, the plaintiff has no right CT Page 8029 of foreclosure against the defendant until the debt of Preferred has been judicially established.
The plaintiff has now filed a motion (#117) for partial summary judgment as to liability against Red Brook, contending that no genuine issue of material fact exists concerning the defendant's liability. The defendant contends that its special defense raises material factual issues concerning the liability of Preferred on the underlying debt and the plaintiff's failure to join Preferred as a necessary party pursuant to General Statutes 49-1.
Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). A material fact is "one that will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 537 A.2d 699 (1990). To oppose a motion for summary judgment, the "`nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents.'" Id., 579.
In the present case, the defendant relies upon General Statutes 49-1 to oppose the plaintiff's motion. Section 49-1
provides in relevant part:
 The foreclosure of a mortgage is a bar to any further action upon the mortgage debt . . . against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state. . . .
The defendant construes General Statutes 49-1 to require the joinder of underlying debtors in foreclosure actions. In particular, the defendant argues that the plaintiff must join Preferred in this action in order to establish Preferred's legal liability on the note, and that only after such liability has been judicially determined does the plaintiff have a right of foreclosure against the defendant.
The defendant's reliance upon 49-1 is misplaced because this statute merely defines the right of the foreclosing party in relation to persons who may be liable for the debt. The statute does not require the joinder of Preferred, but acts to dissolve Preferred's potential future liability after the CT Page 8030 foreclosure. By foreclosing the defendant's realty interest, the plaintiff releases Preferred from its underlying obligation to pay the balance of the note. In essence, 49-1 places the record landowner in the shoes of the debtor and requires the landowner to fulfill whatever mortgage obligations that encumber the land he has purchased.
A determination of the plaintiff's right of foreclosure against the defendant does not require that Preferred be joined as a necessary party in the present action. General Statutes49-1 merely requires joinder of any person or entity that may be liable for the mortgage obligation and divests any further claims the plaintiff may have on the underlying note against persons who are not made parties to the foreclosure. See Eichman v. J. J. Building Co., 216 Conn. 443, 448,582 A.2d 182 (1990) ("a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note. . . ."); Caron, Connecticut Foreclosures, 4.03C (2d. ed. 1989) ("Section 49-1 operates to bar further action against any liable person who could have been subject to in personam jurisdiction [when the action is commenced]").
In the present case, the plaintiff has chosen to foreclose the mortgage attached to the defendant's property. The plaintiff has provided an affidavit of debt attesting to the default by Preferred on the underlying note, and the defendant has failed to attach an opposing affidavit to contest the existence of such debt. The defendant admits in its answer that it presently owns the land which is subject to the plaintiff's mortgage. In light of the defendant's failure to raise any genuine issue of material fact as to its liability pursuant to the mortgage, the plaintiff's motion is granted and the case should be claimed for a hearing in damages as required by Practice Book 385.
So Ordered.
Dated at Bridgeport, Connecticut this 26 day of August, 1992.
WILLIAM B. LEWIS, JUDGE