[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is plaintiff's motion for summary judgment on counts one and two of the amended complaint.
Said motion should be denied.
On January 11, 1992, plaintiff Demaris Trenchard filed this action against defendants Mazda American Credit and James Graham arising from the repossession of plaintiff's vehicle. The court, Gordon, J., dismissed the action as to James Graham on March 1, 1993. Marine Midland Bank, N.A., is now defending the suit as the successor in interest to Marine Midland Automotive Financial Corporation d/b/a Mazda American Credit (hereinafter "the defendant").
On January 22, 1993, the plaintiff filed an amended complaint against the defendant in four counts alleging: violation of General Statutes 42-83 et seq., Connecticut's Retail Instalment Sales Financing Act ("RIFSA"), breach of contract, violation of General Statutes 42a-1-101 et seq., Connecticut's Uniform Commercial Code ("UCC") and violation of General Statutes 42-110a et seq., Connecticut's Uniform Trade Practices Act ("CUTPA"). Plaintiff seeks return of her vehicle, damages, attorney fees, and such other relief as is just and equitable. CT Page 3014
On January 22, 1993, plaintiff filed a motion for summary judgment as to counts one and two of the amended complaint on the issue of liability only. In support of this motion plaintiff has filed a memorandum of law and her own affidavit with Exhibit A a Notice of Repossession dated December 2, 1992.
On February 5, 1993, defendant filed a memorandum in opposition to the motion for summary judgment. In support of its memorandum defendant has filed the affidavit of James E. Graham, Jr., Senior Adjustor for Marine Midland sank N.A.
On March 1, 1993, plaintiff filed her own supplemental affidavit and the affidavit of Richard Trenchard. On March 5, 1993, defendant filed the supplemental affidavit of James E. Graham, Jr., with exhibits thereto. At argument, on March 8, 1993, defendant stated its intention to file a supplemental affidavit which to date has not been filed.
Summary judgment may be granted only where "the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990). The motion should be denied unless the evidence is such that no room for disbelief could exist in the minds of the jury. Boehm v. Kish, 201 Conn. 388, 393 n. 4,517 A.2d 624 (1986).
In support of her motion for summary judgment, plaintiff argues that as to count one, the defendant did not comply with the "mandatory" requirements of General Statutes 42-98(c) of RISPA, and, therefore, she had the right to redeem her vehicle within fifteen days of its repossession upon payment of the unaccelerated debt due at the time of taking.
In opposition to the motion, defendant argues that it proceeded under General Statutes 42-98(b) which does not mandate return of the vehicle to plaintiff upon payment of the unaccelerated debt. Defendant further argues that there is a material question of fact as to the amount of the debt and as to the issue of advance notice.
Rights and duties of a creditor and a buyer in regard to retaking goods and redemption of goods vary, in part, according CT Page 3015 to the procedure elected by the creditor. Under General Statutes 42-98(b) after notice, if the buyer does not cure the default before the date set for retaking, the holder may retake the vehicle without any right to redemption. Under General Statutes 42-98(c) if the holder of the contract does not give the notice required by subsection (b) the buyer has the ability to redeem the vehicle upon performing certain conditions. Velazquez v. Marine Midland Automotive Financial Corporation, 24 CA 455, 460-461.
Based upon all the supporting papers filed by the parties, a genuine issue as to a material fact exists, i.e. whether the defendant did provide the retail buyer with a notice as provided by 42-98(b).
In her affidavit plaintiff avers that the defendant did not provide advance written notice of the repossession. Exhibit A to the affidavit is a photocopy of a "Notice of Repossession" dated December 2, 1992. The notice provides that plaintiff may not restore benefits under the contract by curing the default, but may pay the balance plus expenses to recover the vehicle. In addition, plaintiff's husband and the co-maker of the retail installment contract, Richard Trenchard avers in his affidavit, that he did not receive advance written notice of the repossession.
In opposition, James E. Graham, Jr., Senior Adjustor for Marine Midland Bank, N.A., avers that Notice of Intention to Repossess was sent by certified mail to the plaintiff and the co-maker, Richard Trenchard, on or about October 28, 1992. Exhibits A and B to the affidavit are photocopies of the notices. Graham has also submitted a supplemental affidavit in which he avers that the attached Exhibits A and B are the original post office receipts from the advance notices of October 28, 1992. Graham further avers that Exhibit E, a post office receipt for $12.00 dated March 3, 1993, is a request for certification of delivery which is expected to be received by Graham "by approximately March 13, 1993." To date the defendant has not supplemented its evidence. An issue of material fact exists as to whether the defendant mailed a notice of intention to repossess in accordance with 42-98(b). Accordingly, the motion as to count one is denied.
In her memorandum of law in support of summary judgment, plaintiff argues that the retail installment contract gave CT Page 3016 plaintiff the right to redeem the vehicle upon paying all back payments.
The plaintiff has failed to support her arguments with any evidence of the terms of the contract and therefore has failed to satisfy her burden of proof on the contract claim. Accordingly, the motion for summary judgment as to count two is denied.
Ronald J. Fracasse, Judge of the Superior Court