[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs initially instituted the present action against their own insurance company alleging that the plaintiffs had sustained a loss covered under the policy of insurance as a result of the application of pest control products by a third party. The plaintiff also asserted claims for bad faith, CUTPA, and punitive damages. Thereafter, the Court, Flynn, J., ordered that the contract issues should be severed and tried first which might thereby obviate the necessity of litigating the other claims asserted in the complaint. Thereafter, the defendant filed a Motion for Summary Judgment asserting that the contract claims were barred by the application of General Statutes 38a-107 and 1, Paragraph 8 of the Policy of Insurance, both of which relate to the obligation to institute a complaint within one year of the inception or the date of the loss. The defendant also sought a summary judgment on all claims on the ground that, as a matter of law, the loss sustained by the plaintiffs were excluded by the Provisions of the policy of insurance. The Court, Jones, J., granted the defendant's Motion for Summary Judgment with respect to the contract claims on the ground that the plaintiffs failed to comply with the policy provisions and the Connecticut Statutes CT Page 11195 relating to the time limits within which suit must be instituted. The Court considered and denied the remaining claims with respect to coverage. The defendant has now moved for Summary Judgment asserting that the granting of the Summary Judgment with respect to the contract count precludes the plaintiffs from asserting the remaining claims in the complaint and upon the ground that the coverage for the loss is excluded as a matter of law under the policy.
The Summary Judgment granted by Judge Jones determined only that the plaintiffs, even if they had a meritorious action, could not maintain such an action in view of their failure to comply with General Statutes 38-98 and 1, Paragraph 8, of the policy on insurance. See Daily v. New Britain Machine Co., 200 Conn. 562,583 (1986). Accordingly, the decision by Judge Jones cannot be viewed as a determination that the plaintiff did not have a meritorious claim.
As to the remaining claims advanced by the defendant in the present Motion for Summary Judgment, those identical claims were presented to and decided by Judge Jones adversely to the defendant. It is true that the determinations made by Judge Jones are not binding on this Court and the Court may well be required to make its own independent determinations at a later date, e.g., Motion for a Directed Verdict, Request to Charge or Post-Verdict Motions. See such cases as Lewis v. Gaming Board, 224 Conn. 693, 697 (1993); Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143,146 (1990); Barnes v. Schlein, 192 Conn. 732, 734 (1984). However, absent a demonstrable change in the applicable law or the facts, it is not appropriate for the Court to reconsider issues decided by another judge until such time as it is required to do so. Accordingly, the Motion for Summary Judgment is denied without reaching the merits of the remaining issues decided by Judge Jones.
RUSH, J. CT Page 11196