[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In this foreclosure action, the plaintiff filed an amended complaint on January 17, 1997 seeking foreclosure of the mortgage, possession of the property, money damages, attorney's fees, costs, interest and a deficiency judgment against the defendants. On March 13, 1997, the defendant Theodore Landock filed an answer claiming insufficient knowledge of each paragraph of the plaintiff's complaint. The defendant filed no special defenses. Also on March 13, 1997, the defendant filed a disclosure of defense in which he disclosed that his defense to the foreclosure action that the subject mortgage note was obtained as a result of refinance of prior obligations the defendant owed to the plaintiff's predecessor, Mechanics and Farmers Savings Bank of Bridgeport FSB ("M F"), and that the refinance was conditioned upon the defendant signing an employment contract with M F. Further, the defendant claims that M F terminated his employment in violation of the contract, and that because of his termination, he was unable to pay the installments due on the underlying mortgage.
On March 18, 1997, the plaintiff filed a notice of filing of request for admissions, indicating that on March 14, 1997, it served plaintiff's request for admissions on the defendant pursuant to Practice Book § 238. The defendant responded to the requests for admission, specifically admitting that he CT Page 13402 executed a promissory note in favor of M F in the amount of $176,000.00, and that to secure the note, the defendant executed a mortgage in favor of M F. Although in response to several requests for admissions the defendant denied that he failed to make the monthly payments on the loan from January 1989 to December 1996, he admitted in response to other requests that he was not claiming the defense of payment and that he knew that he failed to make the required mortgage payments.
On May 1, 1997, the plaintiff moved for summary judgment on the ground that since the defendant has asserted no defenses to the unchallenged existence of an unpaid mortgage and default thereon as indicated by the pleadings and accompanying exhibits, there is no genuine issue of material fact and the plaintiff is entitled to judgment of foreclosure as a matter of law.
On May 9, 1997, the defendant filed his "first special defense," arguing that the plaintiff's action is barred by the six. year statute of limitations. The defendant did not file a request for leave to amend his answer to include this special defense, nor did the defendant file a request for leave to subsequently plead.
On May 15, 1997, the defendant filed an objection to the plaintiff's motion for summary judgment, absent an accompanying memorandum, listing three bases for such objection: (1) the defendant was fraudulently induced to sign the promissory note; (2) the defendant signed the note even though he could not afford to make payments because M F indicated that the defendant's employment with M F would allow him to afford the payments; and (3) the "special defense" of the statute of limitations. The defendant included his personal affidavit in support of his objections to the motion for summary judgment.
On September 10, 1997, the plaintiff filed a memorandum in opposition to the defendant's asserted defenses to the plaintiff's motion for summary judgment. In its memorandum, the plaintiff argues that: (1) the defendant's defenses are barred by the doctrine of res judicata; (2) the defendant's defenses are barred by the D'Oench, Duhme doctrine;[1] (3) the defendant's defenses were not timely raised; and (4) the plaintiff's claims are not time barred.
The defendant has not complied with Practice Book §§ 112 and 164 and, therefore, has not timely raised his "defenses" to CT Page 13403 this foreclosure action. The plaintiff has demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The defendant has recited no facts in opposition, regarding the promise, the default, and the amount due on the mortgage, and examination of the plaintiff's motion for summary judgment, including exhibits attached thereto, discloses the unchallenged existence of unpaid debts. The plaintiff is entitled to summary judgment.
"Practice book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Thompson Peck, Inc.v. Division Drywall, Inc., 241 Conn. 370, 374, ___ A.2d ___
(1997). "It is well settled that, for purposes of summary judgment, the moving party has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996).
Practice Book § 112 provides:
The order of pleading shall be as follows:
(1) The plaintiff's complaint.
 (2) The defendant's motion to dismiss the complaint.
 (3) The defendant's request to revise the complaint.
 (4) The defendant's motion to strike the complaint.
 (5) The defendant's answer (including any special defenses) to the complaint.
CT Page 13404
 (6) The plaintiff's request to revise the defendant's answer.
 (7) The plaintiff's motion to strike the defendant's answer.
 (8) The plaintiff's reply to any special defenses.
(Emphasis added.) Pursuant to Practice Book § 164, "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, . . . fraud, illegality not apparent on the face of the pleadings, . . . payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own."
Because the defendant's purported defenses do not challenge the facts to be untrue, but, rather, attempt to show that the plaintiff has no cause of action, the defenses should have been pleaded as special defenses in the defendant's answer to the complaint. Furthermore, the defendant has filed his answer to the complaint, effectively closing the pleadings. The Practice Book provides the mechanism for amending pleadings or filing subsequent pleadings. The defendant may amend his answer to include the special defenses only by order of court, by consent of the plaintiff, or by filing a request for leave to file such amendment which, if objected to by the plaintiff, would be in the discretion of the court to so grant. See Practice Book § 176; see also Practice Book § 173 ("Further pleadings, subsequent in their nature, may be had if necessary by leave of the court."). The defendant has not sought to amend his answer pursuant to Practice Book § 176.[2] Therefore, the defendant has raised no defense to the existence of the debt, the amount of the debt, or failure to pay the debt.
"Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and signed by the maker." Housatonic Bank Trust v. BuselliCT Page 13405Association, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031267 (March 5, 1992, Curran, J.). "Where there is no dispute regarding the promise, the default or the amount due summary judgment can be granted." Connecticut NationalBank v. Nader, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 373107 (November 21, 1991, Schaller, J.) (6 C.S.C.R. 1136), citing Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579, 580, 441 A.2d 953 (1981). "Furthermore, when examination of the affidavit and exhibits accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted." Connecticut National Bank v. Nader, supra, 6 C.S.C.R. 1136, citing Connecticut National Bank v. GreatNeck Development Co, 215 Conn. 143, 574 A.2d 1295 (1990); see also People's Bank v. Jaffe, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 285923 (November 24, 1992, Leheny, J.). "[T]he court may grant a motion for summary judgment on liability only and hold hearing on damages at a later date . . . ." (Citation omitted; internal quotation marks omitted.) First Commerce of America, Inc. v. Mannion, Superior Court, judicial district of Danbury, Docket No. 315683 (August 17, 1994, Mihalakos, J.).
The plaintiff has established, through exhibits filed in support of its motion for summary judgment, that it loaned the defendant $176,000.00, as evidenced by a promissory note signed by the defendant and through admission of the defendant.[3] The plaintiff has also established that the defendant has defaulted on the loan, as evidenced by the defendant's admission.[4]
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) Connecticut National Bank v. Great NeckDevelopment Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). The defendant has offered evidence in his personal affidavit regarding the side contract with M F, and that under that contract M F indicated that the defendant's continued employment would assure payment on the note. This evidence, however, fails to contradict the plaintiff's evidence of the existence of the debt, the amount of the debt, or failure to pay the debt. Therefore, the defendant has failed to successfully oppose the plaintiff's motion for summary judgment. Accordingly, since there exists no genuine issue of material fact regarding the existence of the debt, the amount of the debt, or the failure CT Page 13406 to pay the debt, the plaintiff is entitled to judgment as a matter of law based on these facts. The plaintiff's motion for summary judgment is granted.
THE COURT
CURRAN, J.