[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #118 MOTION FOR SUMMARY JUDGMENT #127
This matter involves a petition for a new trial of a paternity action against one Richard DeGennaro brought by Dolores Rose as conservatrix for DeGennaro. The original action was commenced by abode service upon DeGennaro on May 11, 1989. No appearance was filed for DeGennaro either pro se or by counsel and this case proceeded to judgment against DeGennaro on June 23, 1989 establishing him as father of the child as claimed in this CT Page 14742 paternity action.
The instant petition was commenced on October 29, 1996 seeking a new trial to reopen the issue of paternity as reflected in the judgment against DeGennaro.
The defendant moves for summary judgment claiming that a petition for a new trial is governed by Sec. 52-582 C.G.S. which establishes three years as the time following the entry of a judgment within which such a petition must be brought.
The plaintiff first objects to the defendant's motion for summary judgment on the grounds that such a motion should not be entertained by the court while discovery motions are pending. The court is not aware of any provision of the rules pertaining to summary judgment motions which precludes consideration of this motion on such grounds.
It is clear from the record that this petition was brought more than three years following entry of the original judgment as claimed in the motion filed by the defendant.
In opposition to such a motion the Practice Book requires under Sec. 17-46 setting for the specific facts which demonstrate that there are genuine issues requiring determination by the trier of facts. See Connecticut National Bank v. Great NeckDevelopment Co., 215 Conn. 143, 148.
In this case the plaintiff has not furnished the court with any facts which contradict these stated by the defendant, i.e. that the petition was brought within the period allowed by the statute of limitations but rather only states facts which relate to the substance of the petition as filed.
Accordingly, the Motion for Summary Judgment # 118 is granted and the motion filed by the plaintiff, # 127, is denied.
George W. Ripley, J.T.R.