[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Pietro Palmieri, claims to have been injured in a non-contact automobile accident when a semi trailer drove so near to him that it caused him to drive off the road and into a tree. The plaintiff alleges that the defendant, Double D, Inc., was the owner of the trailer and that the trailer bore a Maine license plate number A-132799.
The plaintiff has filed a two count second amended complaint, alleging that his injuries were the result of the negligence of the defendant Double D, Inc. (count one); and alleging his entitlement to the uninsured motorist benefits of his automobile insurance policy with the defendant Great American Insurance Company (count two)
The defendant Double D, Inc. has moved for summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. . . ." Thompson Peck,Inc. v. Division Drywall, Inc., 241 Conn. 370, 374, 696 A.2d 326
(1997)
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. . . ." Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Connecticut National Bankv. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298
(1990). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." HomeIns. Co. v. Aetna Life Casualty Co., supra, 202-03.
The defendant moves for summary judgment as to count one on the ground that "there exists no genuine issue as to any material fact regarding the identity or description of the tractor-trailer that plaintiff alleges ran him off the road and caused his injuries. The tractor-trailer owned and operated by Double D, Inc. is not the vehicle that plaintiff described." The defendant CT Page 11935 observes that the plaintiff's deposition testimony described the vehicle as having a maroon cab with a "D D" logo in yellow or gold and having a trailer with back doors painted white. The plaintiff also testified that the license plate was attached on the left side. To refute the plaintiff's description of the trailer, the defendant submits two photographs that show the side and rear of the tractor-trailer claimed by the plaintiff to have run him off the road. One photograph shows a side view of a white trailer with a blue cab, and the other photograph only provides a view of the back doors of a trailer and these back doors are not painted. The defendant also submits the affidavit of its president, David Britton, who avers that the vehicle shown in the photographs has not been altered; that when the accident occurred, the defendant did not own or operate any tractor trailers that were maroon nor did they own any with a "D D" logo; Britton states that the defendant's vehicles have always had the logo "Double D" painted on their cabs.
The plaintiff argues in opposition that a question of fact exists as to the ownership of the truck involved in the accident and said question should be decided by the trier of fact. In support, the plaintiff submits an affidavit in which he states that at the time of the accident, he looked at the license plate on the truck and identified the license as Maine plate number A-132799. His affidavit states further: "Later we were able to determine that a truck with this license plate was owned in Maine by Double D, Inc., an interstate trucking company."
Summary judgment procedure requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 17-45. The above-quoted statement in the plaintiff's affidavit is not made on personal knowledge but, rather, is inadmissible hearsay. However, not only has the defendant not moved that the statement be stricken, it has impliedly conceded, if only for purposes of the summary judgment motion, that the license plate belongs to the defendant. The defendant states at pages 1-2 of its memorandum of law in support of its motion "Prior to leaving the roadway, plaintiff claimed he obtained a license plate number that was found to match a vehicle owned by Double D, Inc. However, Double D, Inc. maintains that the vehicle was not in Connecticut, but in Florida at the time of this alleged incident." The plaintiff's statement that he saw the defendant's license plate, together with his claim that he also saw a "Double CT Page 11936 D" marking preclude the granting of summary judgment at this time.
The motion for summary judgment is denied.
BY THE COURT
Bruce L. LevinJudge of The Superior Court