[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this case, plaintiff Charles Kerr has sued the defendants, the City of Hartford (City), the Metropolitan District Commission (Commission), JV III Construction, Inc. (JV III), and Stanley Galasyn Excavating (Galasyn), for many damages in connection with injuries he claims to have sustained on May 2, 1991 when a section of roadway on which he was operating a City street sweeper collapsed beneath his vehicle. Defendant Galasyn, who did not become a defendant herein until June 14, 1993, when the plaintiff's Motion the Cite In Party Defendant and Request for Leave to Amend was granted, has now moved this Court for summary judgment on the ground that there is no genuine issue of material fact as to each essential element of his special defense under General Statutes § 52-584, the applicable two-year statute of limitations for negligence actions. Noting, more specifically, that he was not made a defendant to this action until six weeks after the two-year limitation period had expired, Galasyn claims that on the uncontroverted facts of record, his defense under Section 52-584 is unassailable, and thus that he is clearly entitled to judgment as a matter of law.
The plaintiff acknowledges, as he must, that Galasyn did not become a defendant until the two-year limitations period set forth in Section 52-584 had expired. He argues nonetheless that there are four separate reasons why Galasyn's Motion for Summary Judgment should be denied. These include: (1) that it is improper to grant summary judgment on a special defense; (2) that CT Page 4688 Galasyn's identity as a proper defendant was fraudulently concealed; (3) that the "wrong defendant" statute, General Statutes § 52-593, applies to this case; and (4) that in any event, the failure to cite in Galasyn until after the statute of limitations had run was the result of internal court procedures, for which he should not now be penalized.
Because the Court finds that none of the plaintiff's counterarguments has merit, it concludes that the defendant's Motion for Summary Judgment must be granted.
 I
Summary judgment is a procedure designed to eliminate the delay which will be caused by holding a full-dress trial when there is no genuine issue to be tried. Kakadelis v. Defabritis,191 Conn. 276, 281, 464 A.2d 57 (1983). A motion for summary judgment should be granted if the pleadings, affidavits, and other supporting materials show that there are no genuine issues of material fact in dispute and that the movant is entitled to judgment as a matter of law. Practice Book § 384; Scrapchansky v.Plainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993).
On a motion for summary judgment, the movant has the burden to show that there are no genuine issues of material fact in dispute. Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482,488, 280 A.2d 359 (1971). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). "The standard for determining whether the moving party has met the burden of proof, is whether a party would be entitled to a directed verdict on the same facts. State v.Gogin, 208 Conn. 606, 616, 546 A.2d 250 (1988). In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Company v.Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969).
Once the moving party has satisfied his burden of proof, the burden shifts to the nonmovant to produce evidence in opposition to the motion. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which CT Page 4689 contradict those stated in the movant's affidavits and documents." Connecticut National Bank v. Great Neck DevelopmentCo., 215 Conn. 143, 148, 574 A.2d 1298 (1990).
 II
The plaintiff's first argument in opposition to the defendant's motion is that the motion itself is improper because it seeks judgment on a special defense. In support of this position, the plaintiff recites a lengthy series of decisions in which judges of this Court have appropriately denied plaintiff
motions for summary judgment challenging only the factual bases for their opponent's special defenses on the theory that even if those special defenses could be conclusively disproved or disestablished before trial, such disproof or disestablishment would not entitle the moving parties to judgment as a matter of law. This is so, quite obviously, because a plaintiff's entitlement to judgment depends not only on his success in resisting or overcoming each of his opponents special defenses, but on his threshold ability to establish each essential element of his own cause of action.
Here, by contrast, the moving party is the defendant, who has no burden of proof whatsoever as to the elements of the plaintiff's claim. Because he is lawfully entitled to judgment if he prevails on his special defense, he is lawfully entitled to summary judgment if the materials submitted along with his motion conclusively establish that defense. See e.g., Burns v. HartfordHospital, 192 Conn. 451, 472 A.2d 1257 (1984) (affirming the trial court's granting of the defendant's motion for summary judgment on the ground that the undisputed facts of record conclusively establish each essential element of its statute of limitations defense).
The instant motion is therefore properly before this Court.
 III
The plaintiff next argues that notwithstanding the date of its commencement against defendant Galasyn, this action survives the defendant's statute of limitations defense under the provisions of General Statutes § 52-595, which provides that:
 If any person liable to an action by another, fraudulently conceals from him the existence of the cause of action, such CT Page 4690 cause of action shall be deemed to accrue against such person so liable therefore at the time when the person entitled to sue thereon first discovers its existence.
In support of this argument, he relies on the following information and materials: (1) the original work order for excavation work in the area where the plaintiff suffered his injuries, which does not list the defendant Galasyn as the excavator; (2) a series of communications between plaintiff's counsel and Galasyn's insurance company in which the company's claims representative refused to pay the plaintiff's claim, stating that "[t]o date, we have received no supportive evidence linking the alleged incident with our insured, Stanley Galasyn[;]" letter of Michelle Hastillo, dated March 6, 1992; and (3) narrative descriptions, in his memorandum of law and in a letter by his counsel to the claims representative, of Galasyn's alleged postponement of two early 1993 depositions so he could consult with counsel, and later conduct at a third scheduled deposition where he refused to answer questions or bring subpoenaed documentations because he had been unable to obtain the assistance of counsel. These materials, he argues, give rise to a genuine issue of fact as to his entitlement to bring the instant action under Section 52-595.
This Court rejects this argument for three reasons. First, Section 52-595 sets forth an exception to the statute of limitations upon which a plaintiff cannot rely unless and until he specially pleads it in avoidance of a duly pleaded statute of limitations defense. Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 163 (1983); Rosenblatt v. Berman, 143 Conn. 31, 40
(1955). Here, however, there has been no such special plea in avoidance, but only a general denial of the defendant's defense, which is plainly an insufficient legal basis upon which to invoke Section 52-595. Id.
Second, even if the plaintiff had made a proper plea in avoidance of the defendant's statute of limitations defense, the materials submitted in support of his argument fail to raise a genuine issue of material fact upon which to base such a plea. To begin with, the representations of the defendant's claims representative that the company had not yet received information showing a connection between the plaintiff's injuries and her client's actions does not in any way suggest that defendant Galasyn was fraudulently concealing the instant cause of action from anyone. The claims representative purported to speak only CT Page 4691 for her company, not for Galasyn himself. When she did so, moreover, she did not purport to relate what Galasyn informed her as to what he may have done to cause Kerr's injuries. Instead, she merely informed the plaintiff, through his attorneys, that the information Galasyn had thus far provided afforded her company no basis upon which to pay his claim.
As for Galasyn's refusal to cooperate at a deposition because he did not have a lawyer to assist him, the invocation of such a fundamental right can hardly be relied upon as a basis for inferring fraudulent concealment, particularly when each time it was invoked, the defendant stated that his only desire was to avoid being saddled with a legal responsibility that was not rightly his. In sum, these materials afford no basis for a rational, non-speculative inference that defendant Galasyn was thereby taking affirmative steps to conceal a valid cause of action from defendant Kerr.
The third and final reason for rejecting this aspect of plaintiff's argument is that he failed to supply proper materials to the Court to consider as to the nature of the defendant's alleged conduct at and before the aforesaid depositions. Even if such conduct could be lawfully considered a proper basis upon which to infer that the defendant fraudulently concealed a lawful cause of action from the plaintiff, mere narrative descriptions of alleged events in an unsworn letter of counsel or in a legal memorandum do not give the court a proper basis upon which to decide a summary judgment motion. Moreover, to the degree that such unsworn materials purport to relate excerpts from testimony, quoted from certified or uncertified transcripts which have never been brought before the court, they incorporate materials which themselves are disallowed from consideration on a summary judgment motion, even when they are presented in their original form. Only sworn statements, certified copies of deposition transcripts, and other materials of comparable reliability are deemed appropriate evidentiary bases upon which to decide motions for summary judgment. Practice Book § 380.
In sum, the plaintiff's fraudulent concealment claim must be rejected because it is inappropriately presented, improperly supported, and ultimately unconvincing.
 IV
The plaintiff's third argument in opposition to the CT Page 4692 defendant's Motion for Summary Judgment is that the instant action is saved under Connecticut's "wrong defendant" statute, General Statutes § 52-593. Section 52-593 provides as follows:
 When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations may not be a bar thereto if service of process in the new action is made within one year after the termination of the original action.
This claim, though possibly available in the future, is presently unavailable for two reasons. First, like the exception to the statute of limitations described in Section 52-595, the exception set forth in Section 52-593 cannot be relied upon by a plaintiff unless and until he specially pleads it in avoidance of a duly pleaded statute of limitations defense. See Ross RealtyCorp. v. Surkis, 163 Conn. 388, 392, 311 A.2d 74 (1972) (matters in avoidance of the statute of limitations must be specially pleaded) Here, where all the plaintiff has pleaded in reply to the defendant's special defense is a general denial, that exception cannot be lawfully relied upon to avoid that defense.
Second, the statute itself makes it quite clear that the exception it creates cannot apply to an "original action" which has not yet "failed" for any reason, but only to a "new action" which is commenced "within one year of the termination of the original action." General Statutes § 52-593. Until the instant action is "terminated" and a "new action" is begun, the protection of Section 52-593 will be unavailable to save the plaintiff's right, if any, to sue defendant Galasyn.
 V
The final ground advanced by the plaintiff for saving the instant action is that the only reason Galasyn did not become a party within two years of the date the plaintiff allegedly suffered his injuries was this Court's refusal to docket his Motion to Cite-In Party Defendant while this case was in the Court's Early Intervention Program (EIP). Having timely filed his Motion to Cite-In on March 25, 1993, nearly six weeks before
the two-year statutory period was to expire, he claims that he was prevented from having the Motion ruled upon until June 14, 1993, a date which by then was six weeks after the statute had CT Page 4693 run, because of the case's EIP status at the time.
Though superficially attractive, this argument is unpersuasive for two reasons. First, the plaintiff has produced no evidence to suggest that he did anything after filing his motion to press his right to have it heard and ruled upon before the statute had run. In view of the fact that the EIP program is designed to induce parties to settle lawsuits short of trial, it can hardly be imagined that a good faith effort to identify another potentially responsible party would have been frustrated by a judge asked to bring that party expeditiously into the case in order that a proper settlement could be reached. From the facts represented, however, no such effort appears to have been made.
Second, if the plaintiff had been truly concerned about "beating" the statutory deadline, he need not have awaited the docketing of his Motion to Cite-In even if he had encountered a truly recalcitrant presiding judge, for he could readily have filed a separate lawsuit against Galasyn, later seeking to consolidate that action with his pending action against the other defendants. Though nothing would have prevented the plaintiff from pursuing this course of action, it obviously was not done.
In sum, this is not a situation in which the plaintiff was somehow tricked or deceived to his detriment by some unknown, unjust judicial policy which frustrated his legitimate effort to bring Galasyn into the case. Instead, it is a case in which the plaintiff could have preserved his rights against defendant Galasyn by suing him separately, but simply did not do so. Because he did not, the limitations period of Section 52-584 was allowed to expire under circumstances which compel this Court to grant defendant Galasyn's Motion for Summary Judgment.
So ordered on this 27th day of April, 1994.
Michael R. Sheldon, J.