[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On April 20, 1998, the plaintiff, Liberty Pines Condominium Association, filed this foreclosure action against Edmund and Ellen Calvin (the defendants) and the Connecticut Housing Finance Authority, seeking foreclosure of a condominium common charge lien levied against the Calvins for unpaid fines allegedly owed to the plaintiff. The fines were apparently levied against the defendants for leasing the unit — a practice that is, according to the plaintiff, not permitted under the declaration of the condominium association.
On September 8, 1998, the defendants filed a motion for summary judgment, along with a supporting memorandum, asserting that there exists no genuine issue of material fact and they are entitled to judgment as a matter of law on the basis that the plaintiff had no authority to assess fines against them since the declaration of the condominium association permits the leasing of a condominium unit by the owner. The defendants provided their request to admit and a copy of a portion of the condominium association declaration in support of the motion.
On September 14, 1998, the plaintiff filed an objection to the motion for summary judgment. The plaintiff asserts that the declaration specifically prohibits the leasing of condominium units by owners and, at the least, there exists a genuine issue of material fact as to whether the practice is permitted under the declaration.
"Practice book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Thompson Peck. Inc. v. Division Drywall. Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997). "A `genuine' issue has been variously described as a `triable, ' `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence . . . Hence, the `genuine issue' aspect of summary judgment procedure requires the parties CT Page 11578 to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred . . . A ` material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citations omitted.) United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378-79, 260 A.2d 596 (1969). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue . . . [S]ee Practice Book §§ 380 and 381 [now Practice Book (1998 Rev.) §§ 17-45 and 17-46]. (Internal quotation marks omitted.) Beers v. BaylinerMarine Corp., 236 Conn. 769, 771 n. 4, 675 A.2d 829 (1996). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.)Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 197-98,319 A.2d 403 (1972); see Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) ConnecticutNational Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990).
"Pursuant to Practice Book § 238, [now Practice Book (1998 Rev.) § 13-22, ] a party may serve on any other party a request for admission of the truth of any matter relevant to the disposition of the pending action. Generally, any matter admitted by the party to whom the request is made is conclusively established." Martins v. Connecticut Light Power Co.,35 Conn. App. 212, 227, 645 A.2d 557, cert. denied, 231 Conn. 915,648 A.2d 154 (1994).
The defendants assert in their memorandum in support of the motion for summary judgment that the plaintiff's answers to their request to admit "conclusively [establish] that lessees are permitted in the condominium units." In the request to admit, the defendants requested the plaintiff to reference a copy of the declaration of the condominium association, which was attached to CT Page 11579 the request, and "[a]dmit or deny that Page 34 of the Declaration of Liberty Pines Condominium was a true and accurate copy of Page 34 . . . and said page and contents thereof were in full force and effect from September 1997 to the present time." The provision relied upon by the defendants, in Article XXVIII, "Use, Purpose and Restrictions, " states, in pertinent part: "Each Unit is hereby restricted to residential use by the Unit Owner thereof, his lessees, his immediate family, guests and invitees . . ." The defendants contend that the provision permits the use of the units by lessees, and therefore the plaintiff was not entitled to assess fines against the defendants for wrongfully allowing a tenant to occupy their unit.
In response to the request to admit, the plaintiff admitted "that the attached Exhibit is a true and accurate copy of page 34, " but denied the request "as to any legal effect of said contents since page 34 is only part of the Use Restrictions in effect at Liberty Pines Condominium." In its objection to the motion for summary judgment, the plaintiff cites to another provision in the declaration in Article XXVIII, not cited by the defendants, entitled "Leases of Units, " which provides that "Units may not be leased." The plaintiff provided a copy of the pertinent portions of the declaration in support of its objection.
Contrary to the defendants' assertion that the plaintiff's responses to the request for admission "conclusively [establish] that lessees are permitted in the condominium units, " it is evident upon consideration of the plaintiff's response and an examination of the declaration that there at least exists a genuine issue of material fact as to whether the declaration prohibits the owner of a condominium unit to lease the unit. While § 2 of Article XXVIII, entitled "Residential Use, " indicates that the condominium units must be used for residential use by the owner, his lessees, etc., § 5 of Article XXVIII provides explicitly that units may not be leased.
"When a contract provision is unambiguous, its interpretation presents an issue of law for determination by the court. Mulligan v. Rioux, 229 Conn. 716, 740, 643 A.2d 1226 (1994). When, however, a contract provision is ambiguous or contract provisions are internally inconsistent, a question of fact is involved."Bank of Boston Connecticut v. Avon Meadow Associates,40 Conn. App. 536, 540, 671 A.2d 1310, cert. denied, 237 Conn. 905,674 A.2d 1329 (1996). CT Page 11580
The language of both § 2 and § 5 of the declaration is clear. The terms are not subject to alternative interpretations, but rather appear inconsistent and conflicting. "This case therefore calls for the determination of what the parties intended when they entered into the agreement containing inconsistent and conflicting clauses . . . Questions of the parties' intent are questions of fact for the fact finder. See, e.g., Levine v. Massey, 232 Conn. 272, 276, 654 A.2d 737 (1995)."Bank of Boston Connecticut v. Avon Meadow Associates, supra,40 Conn. App. 540; see also Dainty Rubbish Services. Inc. v. BeaconHill Association. Inc., 32 Conn. App. 530, 533-34, 630 A.2d 115
(1993).
The defendants' motion for summary judgment is denied.
THE COURT
CURRAN, J.