[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This matter comes before the court on the defendants' motion for summary judgment (#114). The defendants move on the ground that a possessor of land abutting a public sidewalk cannot be held liable for an injury caused by the defective condition of the sidewalk and, therefore, no genuine issue of material fact exists. For the reasons stated below, the court grants the defendants' motion for summary judgment as to counts two and three because no genuine issue of material fact exists regarding the defendants' duty to maintain and repair the public sidewalk abutting their property.
 I. PROCEDURAL HISTORY AND FACTS
The plaintiff, Freddy Caquias, commenced this trip and fall action by a complaint filed on May 27, 1998. On February 22, 1999, the plaintiff filed a three count revised complaint against the defendants, city of Hartford, AHF/Hartford, Inc. (AHF) and Hillside Manor Nursing Home, Inc. (Hillside), respectively, and alleges the following relevant facts. On January 6, 1997, the plaintiff was walking on the sidewalk in front of 151 Hillside Avenue, Hartford, Connecticut (the property), when he fell and sustained physical injuries. At all relevant times, AHF owned the property and Hillside was the tenant on the property.
In count one, the plaintiff alleges that, pursuant to General Statutes § 13a-99, the city of Hartford, breached its duty "to keep and maintain the sidewalks and streets within its territorial limits in a reasonably safe condition." (Revised complaint, February 22, 1999, count one, ¶ 3.) The city of Hartford is not a party to the present motion, therefore, this count is not considered by the court. In counts two and three, the plaintiff alleges, inter alia, that his fall and subsequent injuries were caused by the negligence and carelessness of AHF and Hillside, respectively. In each count, the plaintiff maintains that AHF and Hillside exercised complete control and possession over the property including the sidewalks and walkways in front of and abutting the property. The plaintiff further alleges that both AHF and Hillside were negligent and careless in one or more of the following ways: (1) in that the sidewalk was uneven, raised, of varying heights, deteriorated and in a state of disrepair which rendered pedestrian traffic hazardous and dangerous; (2) the uneven and raised condition had existed for an unreasonable amount of time with no measures taken to remedy the problem; (3) the sidewalk was not reasonably safe for the uses and purposes intended; (4) the area of the sidewalk was not properly lighted rendering the area hazardous and dangerous; and (5) the defendants, in the exercise of reasonable care and inspection, should have known of the uneven and raised condition, should have remedied the situation and CT Page 2225 failed to do so. (See Revised Complaint, count two, ¶ 6; count three, ¶ 7.)
The defendants filed the present motion for summary judgment on March 13, 2000, accompanied by a supporting memorandum of law.[1] The court heard oral argument at short calendar on December 4, 2000, where plaintiff requested additional time in order to take depositions and file an opposition to the motion. Over eight months had elapsed since the motion for summary judgment had been filed. In the absence of an affidavit stating specific facts as to why more discovery was necessary, as required by Practice Book § 17-47, the court denied the request.[2] As a result, there is no opposition to the motion.
 II. STANDARD OF REVIEW
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party Opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v.Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000).
While "the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haeche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-555, 707 A.2d 15 (1998). To defeat the motion, the plaintiff must recite specific facts which contradict those stated in [the defendant's] affidavits and documents." (Internal quotation marks omitted.)Connecticut National Bank v. Great Neck Development, 215 Conn. 143, 148,574 A.2d 1298 (1990). "If affidavits and other supporting documents are inadequate, then the court is justified in granting the summary CT Page 2226 judgment, assuming that the [defendant] has met [its] burden of proof." (Internal quotation marks omitted.) Associates Financial Services ofAmerica, Inc. v. Sorenson, 46 Conn. App. 721, 732, 700 A.2d 107, cert. dismissed, 245 Conn. 168, 710 A.2d 769 (1997).
 III. DISCUSSION
The defendants argue in their memorandum of law in support of summary adjudication that, in the absence of a statute or city ordinance shifting such responsibility, an abutting landowner is under no duty to maintain a public sidewalk in a reasonably safe condition. The defendants also establish that the property is within the city of Hartford's right of way. (See Response to Request for Admissions, September 23, 1999, ¶ 1.) Therefore, it was the city's responsibility to maintain the sidewalk. The defendants further argue that even if a statute or ordinance existed, General Statutes § 7-148 only allows municipalities to shift their duty to maintain the sidewalk, not their liability for personal injuries that are caused by the defective sidewalk.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Our analysis in this case begins and ends with the first element, duty." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel. . . . In the instant case the plaintiff does not claim that there is a statute or ordinance that created a duty owed to the plaintiff by the abutting landowner." (Citations omitted.) Wilson v. New Haven,213 Conn. 277, 280, 567 A.2d 829 (1989). Furthermore, "[t]he plaintiff does not dispute that the sidewalk in question is a public sidewalk."Roth v. United Congregational Church, Superior Court, judicial district of Danbury, Docket No. 327769 (March 19, 1999, Moraghan, J.). Therefore, neither AHF nor Hillside owe a duty to the plaintiff.[3]
Notably, the plaintiff did not file an objection to the motion, a memorandum in opposition. opposing affidavits or other documentary evidence. As stated above, in order to defeat the motion, the plaintiff must recite specific facts which contradict those stated in the movant's presentation. See Connecticut National Bank v. Great Neck Development,215 Conn. 143, 148, 574 A.2d 1298 (1990). Also as noted above, where the opposition is not adequate, the court is justified in granting summary judgment, assuming that the defendant has met its burden of proof. SeeAssociates Financial Services of America, Inc. v. Sorenson, CT Page 222746 Conn. App. 721. 732, 700 A.2d 107, cert. dismissed, 245 Conn. 168,710 A.2d 769 (1997).
 IV. CONCLUSION
For the foregoing reasons, the court finds that the defendants have met their burden of proof. Accordingly, there is no genuine issue of material fact in dispute and the defendants are entitled to summary judgment on counts two and three as a matter of law. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT